THE DREDGE CORPORATION, a Nevada Corporation, WILLIAM A. McCALL, Sr., ETHEL McCALL, JAMES B. McCALL, GERALDINE McCALL and WILLIAM A. McCALL, Jr., Appellants, v. WILLIAM PECCOLE, CLARK J. GUILD, Jr., CLARK J. GUILD, Jr. as Custodian for LAURETTA PECCOLE AMICO, LEANN PECCOLE, and LISA PECCOLE, UNITED CHURCH OF RELIGIOUS SCIENCE, a California Corporation, JOE F. McDONALD, Jr., WANDA RUTH PECCOLE, aka WANDA PECCOLE, ROBERT J. PECCOLE, WILLIAM PECCOLE, as Trustee of the PETER PECCOLI 1970 Trust, Respondents.

No. 10475

April 30, 1980                                      609 P.2d 1235

*Beckley, Singleton, DeLanoy and Jemison, Chartered,* Las Vegas, for Appellants.

*Guild, Hagen & Clark, Ltd.,* Reno, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

The subject of this dispute is 1,920 acres of land located in the western part of the Las Vegas Valley. The trial court entered judgment against appellants, who held unpatented placer mining claims for sand and gravel, in favor of the respondents, who own a patent issued under the Taylor Grazing Act, 43 U.S.C. § 315(f).

In July of 1952, appellants located their claims for sand and gravel. In October of 1952, the United States issued respondents a patent to the surface land, reserving all minerals and the right to prospect for, mine and remove them. In 1973, respondents brought this action to quiet title to the property. The appellants counterclaimed, seeking an adjudication of the parties' relative rights. After judgment for respondents, appellants unsuccessfully moved to amend the findings of fact and conclusions of law. This appeal follows.

In adjudicating the parties' relative rights, as requested by appellants, it was of course essential for the trial court to determine whether appellants have the legal rights they assert, to-wit: the right to go upon the land in question, to alter the present condition of its surface, and to remove sand and gravel. To decide that issue, one factual question the trial court was perforce constrained to address was whether the land was of mineral character, so that a mining claim might lawfully have been asserted at the time appellants claim to have done so. This question the trial court decided adversely to them.

They contend on appeal, however, that the trial court could not address this essential factual question, all jurisdiction to decide the land's mineral character reposing in the Bureau of Land Management. In our view, however, the cases and text references appellants cite to support their contention are totally inapposite.

This is not a case in which one party holds a mineral patent,

and the other party asserts an adverse mining claim.[1] Nor is it a case in which a party seeks entry under a non-mineral act.[2]

The court's factual determination that appellant is without lawful interest in the premises, obviates the need to consider other assignments of error. If the decree quieting title in respondents is overbroad, appellant is not aggrieved.

Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.

---

[1] Nevada Exploration & Min. Co. v. Spriggs, 124 P. 770 (Utah 1912). *See* Wright v. Town of Hartville, 81 P. 649 (Wyo. 1905); Le Fevre v. Amonson, 81 P. 71 (Ida. 1905). 2 American Law of Mining 329 § 9.13 (1979).

[2] 1 American Law of Mining 479 § 3.4 (1979).